IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANNY L. SALYER and | ) | |
| VALERIE SALYER, h/w | ) | Civil Action No. 04-1326 |
|     Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| ALLIED AUTOMOTIVE GROUP, INC. | ) | TRIAL BY JURY OF |
| | ) | TWELVE DEMANDED |
|     and | ) | |
| | ) | |
| ALLIED SYSTEMS a/k/a | ) | |
| ALLIED SYSTEMS, INC., a/k/a | ) | |
| ALLIED SYSTEMS LIMITED | ) | |
|     Defendants | ) | |

**ANSWER OF DEFENDANTS ALLIED AUTOMOTIVE GROUP, INC. AND
ALLIED SYSTEMS a/k/a ALLIED SYSTEMS, INC.
a/k/a ALLIED SYSTEMS LIMITED TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Allied Automotive Group, Inc. and Allied Systems a/k/a Allied Systems, Inc. a/k/a Allied Systems Limited (hereinafter collectively referred to as "Allied") hereby answers Plaintiff's Amended Complaint as follows:

**COUNT ONE**

<u>**DANNY L. SALYER vs. ALLIED AUTOMOTIVE GROUP, INC. and ALLIED SYSTEMS a/k/a ALLIED SYSTEMS, INC. a/k/a ALLIED SYSTEMS LIMITED**</u>

1. Defendants Allied are without sufficient knowledge or information to either admit or deny the allegations in this paragraph.

2. Admitted.

3. Admitted.

4. Denied as a conclusion of law.

5. Admitted in part; denied in part. It is admitted that, on or about January 12, 2004, a tractor-trailer owned and/or operated by the Allied Defendants was proceeding northbound across a railroad crossing located at or near Sico Road, Port of Wilmington, Delaware. It is admitted that the driver of the tractor-trailer was an employee of Defendants Allied. It is admitted that, at the aforementioned date and time, Plaintiff's train was proceeding eastbound at or near the aforementioned railroad crossing. The remaining averments in Paragraph 17 are denied.

6. Denied.

7. Denied.

WHEREFORE, Defendants Allied demand judgment in their favor and against Plaintiff together with costs and such other relief as the Court deems just and reasonable.

### COUNT TWO
### VALERIE SALYER vs. ALLIED AUTOMOTIVE GROUP and ALLIED SYSTEMS a/k/a ALLIED SYSTEMS, INC. a/k/a/ALLIED SYSTEMS LIMITED

8. Defendants Allied are without sufficient knowledge or information to either admit or deny the allegations in this paragraph.

9. Admitted.

10. Denied as a conclusion of law.

11. Denied.

WHEREFORE, Defendants Allied demand judgment in their favor and against Plaintiff together with costs and such other relief as the Court deems just and reasonable.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

12. The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

13. Plaintiffs' claims are barred or reduced by their own contributory causal conduct.

**Third Affirmative Defense**

14. Plaintiffs' claims are barred or reduced by the applicable motor vehicle law.

**Fourth Affirmative Defense**

15. Plaintiffs' claims are barred or reduced by the applicable workers' compensation statutes.

**Fifth Affirmative Defense**

16. Plaintiffs' claims are barred or reduced by the doctrine of unavoidable consequences.

**Sixth Affirmative Defense**

17. Plaintiffs' claims are barred or reduced by the sudden emergency doctrine.

**Seventh Affirmative Defense**

18. Plaintiffs have failed to mitigate damages.

**Eighth Affirmative Defense**

19. Plaintiffs' claimed damages were caused by one or more superseding intervening causes.

**Ninth Affirmative Defense**

20. Plaintiffs' claimed damages were caused by the conduct or omissions of a party not in the control of Defendants Allied.

**Tenth Affirmative Defense**

21. Some or all of Plaintiffs' claimed injuries were the sole and proximate result of one or more preexisting conditions.

WHEREFORE, Defendants Allied demand judgment in their favor and against Plaintiff together with costs and such other relief as the Court deems just and reasonable.

**McKENNA, WALKER & CAPRIOTTI, P.C.**

By:/s/_____
   JOANNE M. WALKER
   Counsel for Defendants Allied Automotive
      Group, Inc. and Allied Systems a/k/a
      Allied Systems, Inc. a/k/a Allied Systems
      Limited
   10 Melrose Avenue, Suite 450
   Cherry Hill, NJ  08003
   (856) 429-6581

**ROEBERG, MOORE & FRIEDMAN**

By:/s/_____
   E.J. FORNIAS
   Delaware Bar I.D. 3833
   Local Counsel for Defendants Allied
      Automotive, Group, Inc. and Allied Systems
      a/k/a Allied Systems, Inc. a/k/a Allied
      Systems Limited
   910 Gilpin Avenue
   Wilmington, DE  19806
   (302) 658-8700

Dated:_____

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Answer to Complaint with Cross-Claim to be served upon all counsel by deposit in the U.S. Mail, First Class postage prepaid on the date set forth below, addressed as follows:

>Joseph A. Coffey, Jr., Esquire
>Coffey Kaye Myers & Olley
>Suite 718, Two Bala Plaza
>Bala Cynwyd, PA   19004
>
>Robert A. Penza, Esquire
>Gordon, Fournaris & Mammarella
>1925 Lovering Avenue
>Wilmington, DE   19806

>_____
>E.J. FORNIAS, ESQUIRE
>Local Counsel for Defendants Allied

Dated: _____