# COFFEY KAYE MYERS & OLLEY
ATTORNEYS AT LAW

SUITE 718

TWO BALA PLAZA

BALA CYNWYD, PA. 19004-1514

MITCHELL A. KAYE
LAWRENCE A. KATZ
ROBERT E. MYERS
MICHAEL J. OLLEY

JOSEPH A. COFFEY, JR.
OF COUNSEL

PHILADELPHIA AREA
610-668-9800

CABLE ADDRESS:
TELA

FAX
610-667-3352

NATIONWIDE
800-334-2500

February 5, 2007

Honorable Gregory M. Sleet
United States District Court for
  the District of Delaware
844 North King Street
Wilmington, DE 19801-3570

Re:   **Danny L. Salyer, et al v. Allied Automotive Group, et al**
      **Civil Action No. 04-1326(GMS)**

Dear Judge Sleet:

      The above-captioned lawsuit was initiated by a Complaint filed on October 4, 2004. On August 9, 2005 (Docket Entries 24 and 25) the case was Administratively Closed because the Suggestion of Bankruptcy was filed by Allied Automotive Group, Inc. I respectfully enclose a copy of the Consent Order, dated January 26, 2007, from the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division. This Consent Order permits the underlying action which was assigned to Your Honor to proceed.

      Therefore, I respectfully request that a telephone conference be held so that this case can be reactivated and gotten back on track.

Respectfully,

LAWRENCE A. KATZ

LAK:jb
Enclosure

cc:   Joanne M. Walker, Esquire
      w/enclosure

**FILED**

FEB 13 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

ENTERED ON DOCKET

JAN 26 2007

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ALLIED HOLDINGS, INC., *et al.* | Case Nos. 05-12515 through 05-12526 and 05-12528 through 05-12537 |
| Debtors. | (Jointly Administered) |
| | Judge Mullins |
| DANNY L. SALYER and VALERIE SALYER | |
| Movants, | |
| v. | CONTESTED MATTER |
| ALLIED AUTOMOTIVE GROUP, INC., and ALLIED SYSTEMS, LTD (L.P.) | |
| Respondents. | |

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter is before the Court on the Motion for Relief from Stay (the "Motion") filed by Danny and Valerie Salyer (the "Movants") against Allied Automotive Group, Inc. and Allied Systems, LTD (L.P.) as debtors and debtors-in-possession in the above-captioned, jointly administered chapter 11 cases ("Allied").[1] It appears that this Court has jurisdiction over this proceeding; that this is a core proceeding; and that it appears that Allied and the Movants (each a "Party" and, collectively, the "Parties") agree to the modification of the automatic stay under the terms and conditions set forth below. It further appears that the Parties represent to the Court that neither Party has waived any of its respective rights as part of this agreement except as may be expressly stated herein. Accordingly, it hereby is ORDERED as follows:

1. The Motion is granted solely on the terms and conditions set forth herein.

---

[1] All capitalized terms not herein defined shall have the same meaning as under the Motion.

2. In the case of any inconsistency between the Motion and this consent order (the "Consent Order"), this Consent Order shall control.

3. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified as to those certain personal injury tort claims asserted by the Movants against Allied as set forth in the Motion (the "Claims"); provided, however, that the Movants may not, without further order of the Court, execute, enforce, or collect any settlement or judgment from or against Allied or its estate.

4. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified solely and only to the extent necessary to permit the Movants to (a) continue the Action against Allied in respect of the Claims in order to proceed to final judgment, or settlement of, the Claims, and (b) attempt to recover any liquidated final judgment upon, or settlement of, the Claims from available insurance policies of Allied, if any, related to the Claims.

5. Nothing in this Consent Order will preclude Movants from asserting a claim against the bankruptcy estate to the extent the Claims are not covered by available insurance policies of Allied or seeking payment of said Claims as provided by any plan of reorganization or liquidation filed by Allied.

6. Nothing in this Consent Order will preclude Allied or any other party-in-interest from seeking to remove or transfer venue of the Action filed by Movants against Allied.

7. Nothing in this Consent Order will preclude the Movants from defending, responding or otherwise objecting to any action or motion filed by Allied or any other party-in-interest seeking to remove or transfer venue of the Action.

8. The agreement by Allied to the modification of the automatic stay on the terms and conditions set forth herein shall not be deemed an agreement by Allied to provide assistance to the Movants or to cooperate in any way with the efforts of the Movants to prosecute the

Claims or to attempt to secure payment on the claims under any available coverage, if any, provided by an insurer.

9. Nothing contained herein shall be deemed an admission of liability on the part of Allied or any insurer with respect to the Claims.

10. Nothing in this Order precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any alleged applicable policy.

11. Allied shall, within three (3) days of entry of this Consent Order, cause a copy of this Order to be served upon each of the parties listed on the Master Service List (as such term is defined in the Order Establishing Notice Procedures entered on August 2, 2005 in these jointly administered cases) and the Movants. Allied shall also file a certificate of service with the Court showing that service in accordance with this Order has been properly effectuated.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Consent Order.

**SO ORDERED** this 25 day of January 2007.

_____
C. Ray Mullins
UNITED STATES BANKRUPTCY JUDGE

[signatures continued on next page]

**Prepared and presented by**:

TROUTMAN SANDERS LLP

*/s/ [signature]*

Ezra H. Cohen (GA State Bar No. 173800)
Jeffrey W. Kelley (GA State Bar No. 412296)
Harris B. Winsberg (GA State Bar No. 770892)
Vivieon E. Kelley (GA State Bar No. 143033)
Bank of America Plaza
600 Peachtree Street, N.E. - Suite 5200
Atlanta, Georgia 30308-2216
Telephone No.: (404) 885-3000

**Counsel for the Debtors**

Seen and Agreed:

*Lawrence A. Katz (with express permission)*

Lawrence A. Katz, Esq.
Coffey Kaye Myers & Olley
Two Bala Plaza, Suite 718
Bala Cynwyd, Pennyslvania 19004
Telephone: (610) 668-9800

and

David Sleppy, Esq. (GA State Bar No. 652410)
P.O. Box 698
Cornelia Georgia 30531
Telephone: (706) 778-2899

**Counsel for Danny and Valerie Salyer**

1703648v.1

4