# COFFEY KAYE MYERS & OLLEY
ATTORNEYS AT LAW

SUITE 718

TWO BALA PLAZA

BALA CYNWYD, PA. 19004-1514

MITCHELL A. KAYE
LAWRENCE A. KATZ
ROBERT E. MYERS
MICHAEL J. OLLEY

JOSEPH A. COFFEY, JR.
OF COUNSEL

PHILADELPHIA AREA
610-668-9800

CABLE ADDRESS:
FELA

FAX
610-667-3352

NATIONWIDE
800-334-2500

May 17, 2007

Honorable Gregory M. Sleet
United States District Court for
  the District of Delaware
844 North King Street
Wilmington, DE   10801-3570

Re:    Danny L Salyer, et al v. Allied Automotive Group, et al
       Civil Action No. 04-1326(GMS)

Dear Judge Sleet:

      I am sending you this letter in response to Your Honor's Order setting a May 22, 2007, Scheduling Conference. It is being sent with the consent and agreement of James L. McKenna, Esquire, counsel for Allied Automotive Group. This case is now in a most unusual posture.

      As Your Honor is aware, this case has been reactivated with the permission of the United States Bankruptcy Court for the Northern District of Georgia. under the Bankruptcy Court's Order, plaintiff may proceed with the personal injury action against Allied Automobile Group, but is not able to recover any money from Allied and may only recover money from insurance policies. Unfortunately, we have recently learned that Allied has numerous insurance policies, but that the <u>lowest</u> deductible on any of the policies is $1 million dollars. Mr. McKenna has sent the documentation concerning the insurance policies, their deductibles, and has verified to me the accuracy of this information.

      Mr. Salyer sustained serious personal injuries because of his accident, and is entitled to a substantial jury verdict, but the likelihood of a jury awarding in excess of $1 million dollars is extremely slight. I have had a lengthy conversation with Mr. Salyer and explained to him the insurance deductible, the valuation of his lawsuit, and the simple fact that a jury is very unlikely to render a verdict sufficient for him to ever recover any money. I also informed Mr. Salyer that it made no sense to require the Court, the defendant, defense counsel, my law firm or himself to go through the time and expenses preparing for trial, and then actually proceeding with trial, when there is no reasonable likelihood of monetary recovery. Mr. Salyer is actually a very nice gentleman who, although extremely disappointed over the situation, realistically understands what I explained to him.

COFFEY KAYE MYERS & OLLEY

Page -2-
Re:   Salyer v. Allied
      C.A. No. 04-1326
May 16, 2007

---

      As I explained to Mr. McKenna, this firm has recommended to Mr. Salyer, given the unusual circumstances of this case, that he agree to its voluntary dismissal. Mr. Salyer understands that this recommendation makes the most sense, but has requested that he have an opportunity to speak with some other lawyers about his case before signing off on my recommendation.

      Therefore, Mr. McKenna and I respectfully request that the May 22, 2007 telephone status and scheduling conference be continued for sixty days. At the end of sixty days, I will either report to the Court that Mr. Salyer has obtained new counsel who views the matters differently than I, or we will be filing a Stipulation for Voluntary Dismissal.

      As a further matter, Mr. McKenna asked me to bring to Your Honor's attention the fact that he has recently broken his foot, has been instructed by his physician to keep his leg elevated most of the day, and therefore is only able to get into his office for an hour or so, every few days, during the next few weeks.

Respectfully,

LAWRENCE A. KATZ

LAK:jb

cc:   James L. McKenna, Esquire

**Via Overnight Delivery**



FILED

MAY 2 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE