# COFFEY KAYE MYERS & OLLEY
ATTORNEYS AT LAW

SUITE 718

TWO BALA PLAZA

BALA CYNWYD, PA. 19004-1514

MITCHELL A. KAYE
LAWRENCE A. KATZ
ROBERT E. MYERS
MICHAEL J. OLLEY

JOSEPH A. COFFEY, JR.
OF COUNSEL

PHILADELPHIA AREA
610-668-9800

September 7, 2007

CABLE ADDRESS:
FELA
FAX
610-667-3352
NATIONWIDE
800-334-2500

<u>VIA FACSIMILE 302-573-6472</u>

Chief Judge Gregory M. Sleet
United States District Court
  For the District of Delaware
U.S. Courthouse
844 King Street
Lockbox 19
Wilmington, DE 19801

Re:  Danny Salyer v. Allied Automotive Group
     Civil Action No. 04-1326

Dear Judge Sleet:

I respectfully submit the Joint Status Report in the above captioned case. I appreciate the Court granting permission to fax this to Chambers rather than electronically filing it.

Respectfully,

COFFEY KAYE MYERS & OLLEY

LAWRENCE A. KATZ

LAK/dd
Enclosure

Cc:  James L. McKenna, Esquire(w/enclosure via facsimile 856-354-1722)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANNY L. SALYER and<br>VALERIE SALYER, h/w<br>14 Cassamara Road<br>Newark, DE 19702<br><br>         Plaintiffs<br><br>vs.<br><br>ALLIED AUTOMOTIVE GROUP, INC.<br>160 Clairemont Avenue, Suite 600<br>Decatur, GA 30030<br><br>and<br><br>ALLIED SYSTEMS a/k/a ALLIED SYSTEMS,<br>INC., a/k/a ALLIED SYSTEMS LIMITED<br>25 Southside Industrial Parkway<br>Atlanta, GA 30354 | CIVIL ACTION<br><br><br>No. 04-01326 (GMS) |

## JOINT STATUS REPORT

The parties, by their respective counsel, respectfully report on the status of this case.

First, the parties wish to alert the Court that this case, that has already had an unusual procedural history, has recently become even more unusual.

By way of history, this case involves an accident that occurred on January 13, 2004 at the Port of Wilmington. Mr. Salyer was a locomotive engineer operating a Norfolk Southern train. The defendants' truck was crossing over the track when a collision occurred between the train and the truck. Mr. Salyer claims permanent injuries.

In approximately August 2005, Allied filed for bankruptcy in the Northern District of Georgia. On January 26, 2007, the Bankruptcy Court entered a Consent Order

permitting this case to proceed, but limiting recovery to insurance monies only. This Order was sent to the Court on February 5, 2007.

In Spring 2007, Mr. James McKenna, counsel for Allied, informed me that the lowest deductible on any of Allied's applicable insurance policies was One Million Dollars. Because Plaintiff's damages did not equal or exceed One Million Dollars, we informed Mr. Saylor that there was no practical reason to continue to pursue the case. Mr. Salyer was disappointed, but understood, and requested some time to try to find another attorney to represent him.

On May 17, 2007, I advised the Court of these matters by letter. I also requested time for Mr. Salyer to meet with other attorneys. I informed the Court that we would then either file a Stipulation of Dismissal, or another attorney would enter his or her appearance for the Plaintiff.

Mr. Sayler agreed to dismiss the case and informed me that he had decided not to seek other counsel. I prepared a Stipulation to Dismiss and asked him to sign it as the Plaintiff. He agreed to do so, but was extremely tardy about returning the document. Mr. Salyer finally signed and returned the Stipulation. On August 6, 2007, I sent it to Mr. McKenna so that he could sign it and return it to me for filing with the Court.

This is where the story becomes more interesting. After receiving the Stipulation, Mr. McKenna telephoned to advise that he could not in good conscience allow the Stipulation to be filed. He has just learned that Allied emerged from the bankruptcy. Apparently, Allied reorganized into a new company, Reorganized Allied. He also informed me that it is his understanding that any settlements may be paid in stock in this new company or a combination of stock and cash.

Mr. McKenna is in the process of obtaining more details concerning the new company, the type and value of its stock, and how to proceed with negotiations. The parties request another thirty (30) days for Mr. McKenna to obtain this information and to begin the settlement process, before the Court holds a scheduling conference

Respectfully submitted,

COFFEY KAYE MYERS & OLLEY

BY: _____
LAWRENCE A KATZ
Local Counsel for Plaintiff

With the approval of James L. McKenna, Esq.,
Counsel for the Allied defendants

COFFEY KAYE MYERS & OLLEY
718 Two Bala Plaza
Bala Cynwyd, PA  19004
610-668-9800
610-667-3352 (Fax)